**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 11, 2016

LETTER TO COUNSEL

RE:   *Robin Carol Wiseman v. Commissioner, Social Security Administration*;
       Civil No. SAG-15-2521

Dear Counsel:

On August 26, 2015, Plaintiff Robin Wiseman petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 18). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Wiseman's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Wiseman filed her claim for DIB, alleging a disability onset date of March 1, 2012. (Tr. 129-37). Her claim was denied initially and on reconsideration. (Tr. 78-81, 85-86). A hearing was held on August 20, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 22-61). Following the hearing, the ALJ determined that Ms. Wiseman was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 8-21). The Appeals Council denied Ms. Wiseman's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Wiseman suffered from the severe impairments of asthma, obesity, ischemic heart disease, and type 2 diabetes mellitus. (Tr. 13). Despite these impairments, the ALJ determined that Ms. Wiseman retained the residual functional capacity ("RFC") to:

> perform light work, as defined in 20 CFR 404.1567(b), except that she can never climb ladders, ropes, or scaffolds; she can no more than occasionally climb ramps or stairs and stoop, kneel, crouch, and crawl; and, she should avoid exposure to workplace hazards such as unprotected machinery and heights.

(Tr. 14). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Wiseman could perform past relevant work as a cashier and a retail supervisor, both as actually and generally performed, and that, therefore, she was not disabled. (Tr. 17).

Ms. Wiseman raises three arguments on appeal. First, she argues that the ALJ did not adequately provide a foundation for the conclusion regarding her ability to stand or walk during a workday, and did not consider the standing and walking requirements of her past relevant work. Second, she contends that the ALJ erred in failing to assess an RFC limitation pertaining to her asthma. Finally, she argues that the ALJ failed to consider all of her impairments in combination. Each of Ms. Wiseman's arguments lacks merit and is addressed below.

First, Ms. Wiseman argues that the ALJ relied upon the opinions of the State agency physicians, but did not include their limitation that she could only stand or walk for two hours during an eight-hour workday. Pl. Mot. 6. In fact, however, the ALJ explained that "some weight" was afforded to the findings of the State medical consultants, and the ALJ proceeded to explain other areas with which the ALJ disagreed. (Tr. 16-17). As to standing and walking, the ALJ explained, "There is no evidence of a significant musculoskeletal abnormality that would limit her ability to walk, stand, and sit for the duration she testified. In addition, she testified that she was prescribed a cane by Dr. Howard, but that is not documented in her treatment notes. Furthermore, physical examinations of record have been essentially normal, showing normal gait, muscle tone, strength, and range of movement." (Tr. 17). Although the ALJ did not provide specific citations to those physical examinations of record, a review of the record confirms the accuracy of the ALJ's assessment, and does not reveal any medical records corroborating Ms. Wiseman's testimony about her limitations. *See, e.g.*, (Tr. 611, 649). In fact, the primary record discussing Ms. Wiseman's leg pain in August, 2013 reveals that her physician suggested that she should be walking daily for exercise. (Tr. 612). Thus, the ALJ adequately explained the divergence from the opinions of the State agency physicians as to limitations on Ms. Wiseman's ability to stand and walk.

Ms. Wiseman is correct that the ALJ did not conduct a full inquiry into the standing and walking requirements of her past relevant work. However, because the ALJ found no limitation pertaining to Ms. Wiseman's ability to stand and walk, any such inquiry would not have been relevant to the assessment of whether Ms. Wiseman could perform her past relevant work as a cashier or retail supervisor.

Next, Ms. Wiseman argues that the ALJ determined her asthma to be a severe impairment, but did not include any RFC limitation to address asthma. Pl. Mot. 9. The ALJ also explained that decision, stating, "With regard to the claimant's respiratory issues, the medical record documents only a few episodes of acute exacerbations." (Tr. 17). Ms. Wiseman does not explain, and the medical records do not indicate, what specific functional limitations are caused by her asthma. Accordingly, I find no error in the ALJ's analysis.

Finally, Ms. Wiseman suggests that the ALJ did not consider the combination of her leg pain, respiratory issues, and obesity as it would affect her ability to stand and walk. In fact, as described above, the ALJ cited to the medical records showing essentially normal physical examinations with respect to walking and standing. This Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the

ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ's decision meets that standard.

     For the reasons set forth herein, Ms. Wiseman's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 18) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

     Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

     Sincerely yours,

     /s/

     Stephanie A. Gallagher
     United States Magistrate Judge